2009 MAY 20  A 9: 58

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamie Anthony Makupson,<br>*a.k.a. Jamie Makupson,* | ) C/A No. 9:09-1219-RBH-BM<br>)<br>) | |
| | Plaintiff, | )<br>)<br>) |
| vs. | | )<br>) |
| Larry W. Powers, Warden, | | ) Report and Recommendation<br>) |
| | Defendant. | )<br>) |

Jamie Anthony Makupson, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42

U.S.C. § 1983. Plaintiff is a detainee at the Spartanburg County Detention Center (SCDC), and files

this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A;

the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the

following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*,

64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the

Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551

U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines*

*v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574

F. 2d 1147 (4th 1978). Even when considered under this less stringent standard, however, the *pro*

*se* complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

### Background

Plaintiff states that he discovered a small knot under his left arm on April 6, 2009. Plaintiff requested medical attention and was given an antibiotic medication. Plaintiff's condition did not improve and the knot increased in size, becoming more painful. Detention center medical staff referred Plaintiff to the Spartanburg Regional Medical Center, where he was diagnosed with a staph infection on April 15, 2009. Plaintiff underwent surgery to remove the mass, but was informed that the "disease was in [Plaintiff's] bloodstream and really was [in]curable." Plaintiff states he has been in the detention center since October 15, 2008 and that "this disease is brought about by unsanitariness." Plaintiff seeks monetary damages.

### Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and



2

(2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the complaint in this case makes no factual allegations against the sole Defendant, Warden Larry W. Powers. In fact, Plaintiff does not even mention the Defendant in the body of the complaint. The complaint's general claims, absent any personal allegations against the Defendant, are insufficient to state a claim under § 1983, as a Plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights in order to maintain a claim against that defendant. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. *See Karafiat v. O'Mally*, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); *Whaley v. Hatcher*, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008).

In addition, Plaintiff's one conclusory statement regarding the alleged unsanitary conditions at the jail is insufficient to state a cognizable claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985).



3

Further, to the extent Plaintiff is attempting to allege deliberate indifference to his health and/or safety, Plaintiff's complaint provides insufficient facts to state such a clam.[1] Deliberate indifference is a very high standard, which requires more than a showing of mere negligence or the "ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). *See also Farmer v. Brennan*, 511 U.S. 825, 835-836 (1994); *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Based on these precedents, the issue is whether an inmate, who has suffered injury, has alleged that the named defendant "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837. The instant complaint contains only one conclusory statement regarding the alleged unsanitary conditions and provides no information or even allegations regarding Defendant Powers. As the Plaintiff fails to provide any factual information to establish the Defendant's deliberate indifference to a specific known risk of harm, Plaintiff's deliberate indifference to health/safety claim is subject to summary dismissal.

Liberally construed, it appears Plaintiff may also be attempting to allege a claim of deliberate indifference to his medical needs. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106. As such, not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. In *Lamb v. Maschner*, 633

---

[1] To the extent that Plaintiff is a pretrial detainee, his claims are governed by the Fourteenth Amendment, not the Eighth Amendment. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).



4

F. Supp. 351, 353 (D.Kan. 1986), the district court ruled that the proper inquiry is whether the prisoner was provided any treatment, and that the prisoner's agreement or disagreement with the treatment is irrelevant. Here, Plaintiff clearly states that he received medical attention for his infection. Thus, Plaintiff's factual allegations do not rise to the level of "deliberate indifference." At best, Plaintiff's allegations may be interpreted as an action for negligent or incorrect medical treatment, which is not cognizable under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983).

Finally, to the extent Plaintiff seeks to hold Defendant Powers liable in his supervisory capacity, Plaintiff's claim likewise must fail. While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be met before such liability can attach. The plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). As previously stated, Plaintiff's complaint contains no facts regarding Defendant Powers which would satisfy the above criteria. Therefore, the complaint in this case is subject to dismissal for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Denton v. Hernandez*, 504 U.S. at 31; *Neitzke v. Williams*, 490 U.S. at 324-25; *Todd v. Baskerville* 712 F.2d at 74.



5

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

May    19    , 2009
Charleston, South Carolina

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



7